# EXHIBIT 2

# UNITED STATES DISTRICT COURT

for the
NORTHERN DISTRICT OF CALIFORNIA

In re Application of Lucy Guo per 28 USC § 1782
*Plaintiff*
v.

*Defendant*

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Meta Platforms, Inc.
1 Hacker Way (1 Meta Way), Menlo Park, California 94025
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment "A"

| Place: | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _______________

*CLERK OF COURT*

OR

_______________________ *Signature of Clerk or Deputy Clerk*

_______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lucy Guo, who issues or requests this subpoena, are:
Suann C. MacIsaac, Kinsella Holley Iser Kump Steinsapir LLP, 11766 Wilshire Blvd., Suite 750, Los Angeles, CA 90025 Email: smacisaac@khiks.com,Tel: 310-566-9800

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________

______________________________________________________________

____________________________________ on *(date)* ____________ ; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## Definitions and Instructions

1. “Meta,” “You,” and “Your” mean Meta Platforms, Inc., and all its corporate locations, predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint ventures, licensing agreements, or partnership relationships with Meta and others acting on behalf of Meta.

2. “Instagram” means Meta’s Instagram photo- and video-sharing social networking services, including the Instagram mobile applications and website.

3. “Day Account” means the Instagram account with the handle @wallisday.

4. “Guo Account” means the Instagram account with the handle @guoforit.

5. “Instagram Story Post” means the Instagram story that was originally posted to the Day Account on May 13 or 14, 2026, containing the words “broke up with me lol…tried to get me to sign a prenup, came in wasted and tried to have sex, I told you no & left. Then stole hundreds of thousands worth of my belongings to coerce me into signing an NDA with hush money. I refused. Because everyone should know how dangerous Lucy Guo is. But continue your narrative. Everyone

knows the truth. Watch out guys, this person refused to let emergency services into their house when someone was dying because they had drugs everywhere #narcissist[,]" a screenshot of which is attached hereto as Appendix A.

6. "Document" is an all-inclusive term with the broadest possible meaning accorded to it under case law and the Federal Rules of Civil Procedure, and means the original (or a true and accurate copy if the original is not available) and each non-identical copy (which is non-identical because of alterations, attachments, blanks, comments, notes, underlining, or otherwise) of any writing or record (whether in electronic, tangible, or any other form) in Your actual or constructive possession, custody, or control, including all documents You have provided to Your counsel. "Document" shall include, but is not limited to, an electronic or computerized data compilation (including email and other computer-readable files), whether or not printed, stored, or displayed, and any preliminary versions, drafts, or revisions thereof, electronically-stored information, communication, memorandum, letter, correspondence, electronic mail, text message, blog post, Internet post, report, note, message slip, telephone log or record, diary, journal, calendar, electronic organizer entry, writing, drawing, spreadsheet, presentation, ledger, minutes, financial report or record, draft, facsimile, contract, invoice, record of purchase or sale, graph, chart, photograph, video or audio recording, transcript, index, directory, or any other written, printed,

typed, punched, taped, filmed, or graphic matter however produced, stored, or reproduced. “Document” also includes the file, folder tabs, and labels appended to or containing any documents, as well as any metadata applicable to any document.

7. If any information called for by this subpoena is withheld because You claim that such information is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or by any privilege or protection from disclosure, provide a description of the basis of the claimed privilege or protection and all information necessary for the Court and Lucy Guo to assess the claim of privilege or protection in accordance with applicable law, including: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

## Requests for Documents

**REQUEST NO. 1:**

Documents sufficient to show the date (day, month, and year) and time (hour, minute, and second, with time zone) the Instagram Story Post was posted to the Day Account.

**REQUEST NO. 2:**

Documents sufficient to show the date (day, month, and year) and time (hour, minute, and second, with time zone) the Instagram Story Post was deleted, removed, or expired from the Day Account.

**REQUEST NO. 3:**

Documents sufficient to show the mechanism by which the Instagram Story Post was deleted, removed, or expired from the Day Account.

**REQUEST NO. 4:**

Documents sufficient to show the audience setting (for example, public, followers, "Close Friends," or any other audience setting) applied to the Instagram Story Post when it was posted to the Day Account.

**REQUEST NO. 5:**

Documents sufficient to show the date (day, month, and year) and time (hour, minute, and second, with time zone) the Instagram Story Post was ever added to any "highlight" on the Day Account.

**REQUEST NO. 6:**

Documents sufficient to show the date (day, month, and year) and time (hour, minute, and second, with time zone) the Instagram Story Post was ever deleted or removed from any "highlight" on the Day Account.

**REQUEST NO. 7:**

Documents sufficient to show the number of Instagram accounts following the Day Account the day before the Instagram Story Post was posted to the Day Account.

**<u>REQUEST NO. 8</u>:**

Documents sufficient to show the number of Instagram accounts following the Guo Account the day before the Instagram Story Post was posted to the Day Account.

**<u>REQUEST NO. 9</u>:**

Documents sufficient to show the number of Instagram accounts following the Day Account the day after the Instagram Story Post was deleted, removed, or expired from the Day Account.

**<u>REQUEST NO. 10</u>:**

Documents sufficient to show the number of Instagram accounts following the Guo Account the day after the Instagram Story Post was deleted, removed, or expired from the Day Account.

**<u>REQUEST NO. 11</u>:**

Documents sufficient to show the number of unique Instagram accounts that viewed the Instagram Story Post while it was posted to the Day Account, including while it was in any “highlight.”

**<u>REQUEST NO. 12</u>:**

Documents sufficient to show the identity and location of the Instagram accounts that viewed the Instagram Story Post while it was posted to the Day Account, including while it was in any "highlight."

**<u>REQUEST NO. 13</u>:**

Documents sufficient to show the number of times the Instagram Story Post was shared by direct message.

**<u>REQUEST NO. 14</u>:**

Documents sufficient to show the number of times the Instagram Story Post was liked by another account.

**<u>REQUEST NO. 15</u>:**

Documents sufficient to show the number of times the Instagram Story Post was reposted, shared to, or added to another account's story.

**<u>REQUEST NO. 16</u>:**

For each instance the Instagram Story Post was reposted, shared to, or added to another account's story, documents sufficient to show the date (day, month, and year) and time (hour, minute, and second, with time zone) the shared story was posted.

**<u>REQUEST NO. 17</u>:**

For each instance the Instagram Story Post was reposted, shared to, or added

to another account's story, documents sufficient to show the date (day, month, and year) and time (hour, minute, and second, with time zone) the shared story was deleted, removed, or expired.

**REQUEST NO. 18:**

For each instance the Instagram Story Post was reposted, shared to, or added to another account's story, documents sufficient to show the number of unique Instagram accounts that viewed the shared story.

# Appendix A


guoforit 18h
wallisday 25s
fun fact, i broke up with my ex the night we made this
DONE WITH YOUR EX
Done with Your Ex (Lucy Guo, Venessa Michaels,...
Lucy Guo, Venessa Mich...
TRACK
Send me
Broke up with me lmao... tried to get me to sign a prenup, came in wasted & tried to have sex, I told you no & left. Then stole hundreds of thousands worth of my belongings to coerce me into signing an NDA with hush money. I refused. Because everyone should know how dangerous Lucy Guo is. But continue your narrative. Everyone knows the truth.
Watch out guys, this person refused to let emergency services into her house when someone's was dying because they had drugs everywhere #narcissist