KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
SUANN MACISAAC (SBN 205659)
smacisaac@khiks.com
ASHLEE DIFUNTORUM (SBN 322610)
adifuntorum@khiks.com
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Applicant Lucy Guo

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

*IN RE EX PARTE* APPLICATION OF LUCY GUO

Applicant,

FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING

Case No.

**LUCY GUO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING**

[*Ex Parte* Application, Declaration of Lucy Guo, Declaration of Paul Tweed, and [Proposed] Order submitted concurrently herewith]

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 5

II. STATEMENT OF JURISDICTION ..... 6

A. Jurisdiction ..... 6

B. Divisional Assignment ..... 7

III. FACTUAL BACKGROUND ..... 7

IV. ARGUMENT ..... 9

A. The Application Satisfies Section 1782's Statutory Requirements ..... 10

B. The Discretionary *Intel* Factors Demonstrate That The Court Should Grant The Application ..... 11

1. The First *Intel* Factor Is Satisfied: Meta Will Not Be A Party To The Foreign Litigation ..... 11

2. The Second *Intel* Factor Is Satisfied: The High Court Of England And Wales Will Accept Assistance From Discovery Under Section 1782 ..... 12

3. The Third *Intel* Factor Is Satisfied: The Application Is Not An Attempt To Circumvent Restrictions On Discovery ..... 14

4. The Fourth *Intel* Factor Is Satisfied: The Application Is Not Unduly Intrusive Or Burdensome ..... 15

V. CONCLUSION ..... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
793 F.3d 1108 (9th Cir. 2015) ........ 11

*In re Apple Retail UK Ltd.*,
No. 20-MC-80109-VKD, 2020 WL 3833392 (N.D. Cal. July 8, 2020) ........ 13, 14, 15

*In re Ex Parte Application of Hum. Engine, Ltd.*,
No. 26-MC-80023-AMO, 2026 WL 1880181 (N.D. Cal. June 30, 2026) ........ 12

*In re Ex Parte Application Varian Med. Sys. Int'l AG*,
No. 16-MC-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ........ 13

*In re Carver*,
No. 26-MC-80116-WHO, 2026 WL 1702538 (N.D. Cal. June 11, 2026) ........ 10, 11

*Consumers' Ass'n v. Defendant*,
No. 5:23-MC-80322-EJD, 2024 WL 251411 (N.D. Cal. Jan. 23, 2024) ........ 13

*In re Dillon*,
No. 5:26-MC-80056-EJD, WL 1865896 (N.D. Cal. June 29, 2026) ........ 13

*In re Eurasian Nat. Res. Corp., Ltd.*,
No. 18-MC-80041-LB, 2018 WL 1557167 (N.D. Cal. Mar. 30, 2018) ........ 13, 15

*In re Gliner*,
133 F.4th 927 (9th Cir. 2025) ........ 9

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
No. 19-MC-80277, 2020 WL 906719 (N.D. Cal. Feb. 25, 2020) ........ 9, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) ........ *passim*

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

*London v. Does*,
279 F. App'x 513 (9th Cir. 2008) .......... 12

*In re Med. Corp. Seishinkai*,
No. 21-MC-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021) .......... 10

*Qualcomm Inc. v. Apple Inc.*,
No. 5:24-MC-80019-EJD, 2024 WL 536355 (N.D. Cal. Feb. 9, 2024) .......... 13, 14, 16

*In re Takagi*,
No. 23-MC-80124-JSC, 2023 WL 4551074 (N.D. Cal. July 13, 2023) .......... 16

*U.S. v. Google LLC*,
690 F. Supp. 3d 1011 (N.D. Cal. 2023) .......... 12, 15, 16

**Federal Statutes**

28 U.S.C.
§ 1782 .......... *passim*

Fed. R. Civ. P. 26 .......... 15

**California Statutes**

Civil L.R. 3 .......... 6, 7

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

## I. INTRODUCTION

Lucy Guo ("Applicant" or "Guo") applies pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order granting her leave to issue and serve subpoenas on Meta Platforms, Inc. ("Meta") for the production of documents and deposition testimony. Guo seeks the documents and testimony because they are necessary to a defamation claim that she is reasonably contemplating bringing against Wallis Day ("Day") in the United Kingdom ("UK").

Guo is a tech leader who co-founded the data-labeling company Scale AI and founded and runs the creator platform Passes. She is also a DJ in the electronic music space and has appeared at major music festivals, including Ultra Miami. Day is an actress who is domiciled in and a citizen of the UK. Guo and Day were romantically involved from approximately July 2025 until February 2026, when Guo ended their relationship. Thereafter, Day sought, unsuccessfully, to obtain hundreds of thousands of dollars from Guo.

On May 13 or 14, 2026, Guo posted an Instagram story to publicize and promote her latest single/remix titled "Done with your ex," along with the caption, "fun fact: I broke up with my ex the night we made this[.]" On May 13 or 14, 2026, Day posted Guo's Instagram story on her own Instagram account (@wallisday) and added the following caption:

> broke up with me lol…tried to get me to sign a prenup, came in wasted and tried to have sex, I told you no & left. Then stole hundreds of thousands worth of my belongings to coerce me into signing an NDA with hush money. I refused. Because everyone should know how dangerous Lucy Guo is. But continue your narrative. Everyone knows the truth. Watch out guys, this person refused to let emergency services into their house when someone was dying because they had drugs everywhere #narcissist

(the "Instagram Story Post"). The Instagram Story Post, which was viewable by the public and readily accessible to Day's approximately 430,000 Instagram followers, is patently false, outrageous, and clearly prima facie defamatory under UK law.

In this Application, Guo seeks leave to issue and serve on Meta subpoenas for

the production of documents and deposition testimony directly related to the Instagram Story Post, including to determine: (1) how long the story remained visible to other users; (2) how many accounts viewed it and the identity and location of those accounts; (3) how many times it was liked, reposted, and/or shared; (4) the date and time it was published and the date, time, and mechanism by which it was removed; and (5) the number of followers of Day's account (@wallisday) and Guo's account (@guoforit) on the day before and the day after the story was posted. This information is necessary to Guo's contemplated defamation claim against Day in the UK (the "Foreign Litigation"), including to establish the extent of publication and to demonstrate that the Instagram Story Post caused serious harm to Guo's reputation.

As demonstrated below, Guo satisfies each of the three statutory requirements and each of the four discretionary factors that courts routinely consider in determining whether to grant relief under Section 1782. Accordingly, Guo respectfully requests that the Court grant relief under Section 1782 and allow her to issue and serve on Meta the subpoenas attached to the accompanying *Ex Parte* Application (the "Application") as **Exhibits 1** and **2**.

## II. STATEMENT OF JURISDICTION

Pursuant to Civil L.R. 3-5, Applicant submits the following statement of jurisdiction.

### A. Jurisdiction

The Court has jurisdiction over this Application under Section 1782. Applicant intends to pursue a defamation claim against Day in the UK based on the false and damaging statements in the Instagram Story Post, which Day posted on May 13 or 14, 2026, and which was viewable by the public and readily accessible to Day's approximately 430,000 Instagram followers. Guo's UK defamation action will focus on, *inter alia*, Day's outrageous and false statements that Guo "refused to let emergency services into [her] house when someone was dying because they had drugs everywhere[.]"

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

Applicant believes Day is domiciled in and a citizen of the UK, such that the High Court of England and Wales will have unlimited general jurisdiction over worldwide publication of the Instagram Story Post. (*See* Declaration of Lucy Guo ("Guo Decl.") ¶ 3; Declaration of Paul Tweed ("Tweed Decl.") ¶ 6.)

Instagram is a wholly owned subsidiary and core product of Meta. Guo requires discovery from third-party Meta to obtain information to support the Foreign Litigation, including to determine: (1) how long the story remained visible to other users; (2) how many accounts viewed it and the identity and location of those accounts; (3) how many times it was liked, reposted, and/or shared; (4) the date and time it was published and the date, time, and mechanism by which it was removed; and (5) the number of followers of Day's account (@wallisday) and Guo's account (@guoforit) on the day before and the day after the story was posted. This information is necessary to Guo's contemplated defamation claim against Day in the UK, including to establish the extent of publication and to demonstrate that the Instagram Story Post caused serious harm to Guo's reputation. (Tweed Decl. ¶ 8.)

Meta is headquartered at 1 Hacker Way (also known as 1 Meta Way), Menlo Park, California 94025, which is located in the Northern District of California.

**B. <u>Divisional Assignment</u>**

Pursuant to Civil L.R. 3-2(c), assignment to the San Francisco Division is proper because Meta is headquartered in San Mateo County.

## III. FACTUAL BACKGROUND

Guo is a tech leader who co-founded the data-labeling company Scale AI and founded and runs the creator platform Passes. (Guo Decl. ¶ 2.) She is also a DJ in the electronic music space and has appeared at major music festivals, including Ultra Miami. (*Ibid.*) Day is an actress who is believed to be domiciled in and a citizen of the UK. (*Id.* ¶ 3.) Guo and Day were romantically involved from approximately July 2025 until February 2026, when Guo ended their relationship. (*Ibid.*) Thereafter, Day sought, unsuccessfully, to obtain hundreds of thousands of

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

dollars from Guo. (*Ibid.*)

On May 13 or 14, 2026, Guo posted an Instagram story to publicize and promote her latest single/remix titled "Done with your ex," along with the caption, "fun fact: I broke up with my ex the night we made this[.]" (*Id.* ¶ 4.) Shortly thereafter, on May 13 or 14, 2026, Day posted Guo's Instagram story on her own Instagram account (@wallisday) and added the following caption:

> broke up with me lol…tried to get me to sign a prenup, came in wasted and tried to have sex, I told you no & left. Then stole hundreds of thousands worth of my belongings to coerce me into signing an NDA with hush money. I refused. Because everyone should know how dangerous Lucy Guo is. But continue your narrative. Everyone knows the truth. Watch out guys, this person refused to let emergency services into their house when someone was dying because they had drugs everywhere #narcissist

(the "Instagram Story Post"). (*Id.* ¶ 4, Ex. A.) The Instagram Story Post was viewable by the public and readily accessible to Day's approximately 430,000 Instagram followers. (*Ibid.*) It was subsequently deleted, removed, or expired on a date and in circumstances currently unknown. (*Ibid.*)

Day's Instagram Story Post is patently false, outrageous, and clearly defamatory under UK law. Although the Instagram Story Post is replete with falsehoods, Guo's UK defamation action will focus on, *inter alia*, Day's outrageous claim that Guo "refused to let emergency services into [her] house when someone was dying because they had drugs everywhere[.]" Contrary to Day's false statements, Guo **never** refused to let emergency services into her house to help anyone, let alone when someone was dying. (*Id.* ¶ 5.)

Based on the above, Guo has a viable claim for defamation under UK law. (Tweed Decl. ¶ 4.) Guo has retained UK counsel, W.P. Tweed & Co., and instructed them to issue a Letter of Claim, which was sent on May 22, 2026. (Guo Decl. ¶ 6; Tweed Decl. ¶¶ 3-5.) Day's UK counsel Mishcon de Reya responded to that Letter of Claim on June 22, 2026. (Tweed Decl. ¶ 5.) Guo's UK counsel are, alongside her barrister, currently drafting the Claim Form and Particulars of Claim required to

initiate Guo's UK defamation claim against Day. (Guo Decl. ¶ 7; Tweed Decl. ¶ 7.) It was considered prudent to take steps to gather as much of the required evidence as possible prior to the issuing of the claim, including seeking information from Meta about the extent of publication of the Instagram Story Post.

## IV. ARGUMENT

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Over time, Congress has consistently and "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-48.

Section 1782 states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.] …The order may be made…upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). Section 1782 authorizes federal courts to grant an application for discovery if three statutory requirements are satisfied: (1) the person from whom discovery is sought resides or is found in the district of the district court where the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal that is within reasonable contemplation; and (3) the applicant is an interested person in that foreign proceeding. *Ibid.*; *In re Gliner*, 133 F.4th 927, 932 (9th Cir. 2025).

"Once those three statutory requirements are met, a district court has wide discretion to grant discovery under § 1782." *HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-MC-80277, 2020 WL 906719 at *3 (N.D. Cal. Feb. 25, 2020). In exercising their discretion to grant discovery, district courts consider the four *Intel* factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance; (3) whether the discovery request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the U.S.; and (4) whether the discovery request is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65.

Guo's Application easily satisfies all three of the statutory requirements and all four of the discretionary factors. Accordingly, the Court should grant Guo's Application to obtain discovery from Meta.

### A. <u>The Application Satisfies Section 1782's Statutory Requirements</u>

Guo's Application satisfies Section 1782's three statutory requirements.

***First***, Meta resides or is found in this district because it is headquartered and has its principal offices in Menlo Park, California, which is in this district. Under settled law, "[a] business entity is 'found' in the judicial district where it has its principal place of business." *HRC-Hainan Holding*, 2020 WL 906719 at *4; *In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072 at *2 (N.D. Cal. Aug. 10, 2021) (authorizing discovery from Google under Section 1782 and recognizing that the entity is located in the Northern District of California). Accordingly, the first statutory requirement is satisfied.

***Second***, Guo's Application seeks discovery for use in a contemplated proceeding before the High Court of England and Wales in the UK, which is a foreign tribunal. (Tweed Decl. ¶ 6.) The U.S. Supreme Court has explained that "the 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent[.]'" *Intel*, 542 U.S. at 247. Indeed, discovery under Section 1782(a) has been held to be proper even when an applicant's complaint is only in the investigative stage. *Ibid*. And the court in *In re Carver*, No. 26-MC-80116-WHO, 2026 WL 1702538 (N.D. Cal. June 11, 2026), found that a defamation proceeding was within "reasonable contemplation" where the applicant hired Costa Rican counsel in preparation for the lawsuit and submitted

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

a declaration asserting that there was potential civil liability for defamation under Costa Rican law. *In re Carver*, 2026 WL 1702538 at *2.

Here, there is potential civil liability for defamation under UK law. (Tweed Decl. ¶ 4.) And Guo intends to file a defamation claim against Day in the High Court of England and Wales, King's Bench Division (Media and Communications List) in the UK. (Guo Decl. ¶ 7; Tweed Decl. ¶ 6.) She has retained and sought advice from UK counsel, W.P. Tweed & Co., has sent pre-action correspondence to Day's counsel Mishcon de Reya, who have responded to that correspondence, and has retained and consulted with a UK barrister specializing in defamation claims, Mr. Greg Callus BL. (Guo Decl. ¶ 6; Tweed Decl. ¶¶ 3-5.) Guo's UK counsel and Day's counsel have discussed Guo's defamation claim in several letters, and Guo's UK counsel and barrister are currently drafting the Claim Form and Particulars of Claim required to initiate a UK defamation claim by Guo against Day. (Guo Decl. ¶¶ 6-7; Tweed Decl. ¶¶ 5, 7.) Accordingly, Guo's defamation action is clearly "in reasonable contemplation," and the second statutory requirement is satisfied.

***Third***, Guo, as the plaintiff in the contemplated Foreign Litigation, qualifies as an "interested person" entitled to seek discovery under Section 1782. The U.S. Supreme Court has explained that "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782[.]" *Intel*, 542 U.S. at 256; *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) ("An 'interested person' seeking to invoke the discovery mechanism set forth under § 1782 may include 'not only litigants before foreign or international tribunals, but also…any other person [who]…merely possess[es] a reasonable interest in obtaining [judicial] assistance.'" (quoting *Intel*, 542 U.S. at 256-57)). Thus, the final statutory requirement is satisfied as well.

## B. The Discretionary *Intel* Factors Demonstrate That The Court Should Grant The Application

### 1. The First *Intel* Factor Is Satisfied: Meta Will Not Be A Party

**To The Foreign Litigation**

The first *Intel* factor favors discovery here because Guo will not include Meta as a party in the Foreign Litigation, and thus the foreign (UK) court will be unable to compel Meta to produce discovery. (Guo Decl. ¶ 7; Tweed Decl. ¶ 7.) The U.S. Supreme Court has explained that "nonparticipants in [a] foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264; *see also, e.g., London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming the district court's grant of the application, explaining that "[a]bsent this [Section 1782] discovery, the evidence sought may be unattainable [in] the [foreign] court while it is within the district court's jurisdiction and accessible in the United States"). Thus, where the person or entity from whom the applicant seeks discovery is not a party to the foreign proceeding, this factor weighs in favor of the applicant. *U.S. v. Google LLC*, 690 F. Supp. 3d 1011, 1019 (N.D. Cal. 2023) (finding that the first *Intel* factor weighed in favor of granting a Section 1782 application because "Google is not a party to the proceedings in South Korea").

Here, Meta will not be a party to the Foreign Litigation. (Guo Decl. ¶ 7; Tweed Decl. ¶ 7.) As such, the High Court of England and Wales will be unable to compel Meta (a U.S. corporation) to produce discovery. (Tweed Decl. ¶ 7.) Accordingly, this factor weighs in favor of granting Guo's Application.

**2. The Second *Intel* Factor Is Satisfied: The High Court Of England And Wales Will Accept Assistance From Discovery Under Section 1782**

The second *Intel* factor—the receptivity of the foreign government to U.S. federal court judicial assistance—weighs in favor of discovery when there is no "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *In re Ex Parte Application of Hum. Engine, Ltd.*, No. 26-MC-80023-AMO, 2026 WL 1880181 at *2 (N.D. Cal. June 30, 2026) (internal

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

quotations omitted) (emphasis removed). "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568 at *4 (N.D. Cal. Mar. 24, 2016) (internal quotations omitted).

There is no reason to suspect that courts in the UK, such as the High Court of England and Wales, would not be receptive to the testimony and documents produced as a result of this Application. This is particularly true here, where the information Guo seeks from Meta is highly relevant to her defamation claim against Day under UK law. (Tweed Decl. ¶ 8); *see In re Apple Retail UK Ltd.*, No. 20-MC-80109-VKD, 2020 WL 3833392 at *3 (N.D. Cal. July 8, 2020) (finding that the second *Intel* factor weighed in favor of granting a Section 1782 application where the applicant sought information for UK proceedings that the applicant claimed was "highly relevant" to those proceedings).

In fact, courts in the Ninth Circuit have routinely allowed applicants to obtain third-party Section 1782 discovery for use in UK proceedings. *Ibid.*; *see also, e.g., In re Dillon*, No. 5:26-MC-80056-EJD, 2026 WL 1865896 at *2 (N.D. Cal. June 29, 2026) (granting application for discovery for use in UK proceeding, noting that "this Court has previously permitted § 1782 discovery for proceedings occurring in the United Kingdom"); *In re Eurasian Nat. Res. Corp., Ltd.*, No. 18-MC-80041-LB, 2018 WL 1557167 at *3 (N.D. Cal. Mar. 30, 2018) (granting Section 1782 application for discovery for use in UK proceeding, concluding that the second *Intel* factor weighed in favor of discovery because there was "no information that a U.K. court would reject information obtained through Section 1782 discovery"); *Qualcomm Inc. v. Apple Inc.*, No. 5:24-MC-80019-EJD, 2024 WL 536355 at *3 (N.D. Cal. Feb. 9, 2024); *Consumers' Ass'n v. Defendant*, No. 5:23-MC-80322-EJD, 2024 WL 251411 at *3 (N.D. Cal. Jan. 23, 2024).

Accordingly, the second *Intel* factor weighs in favor of granting Guo's

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

Application.

### 3. The Third *Intel* Factor Is Satisfied: The Application Is Not An Attempt To Circumvent Restrictions On Discovery

The third *Intel* factor also weighs in favor of discovery because Guo's Application does not "conceal[] an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Apple*, 2020 WL 3833392 at *3 (internal quotations omitted).

Here, Guo and her UK counsel are not aware of any restrictions on proof-gathering procedures in the UK that would prohibit Guo from obtaining the discovery she seeks through this Application. (Guo Decl. ¶ 8; Tweed Decl. ¶ 8.) Nor is Guo using the Application to attempt to circumvent any foreign proof-gathering restrictions or other policies of the U.S. or the UK. (*Ibid.*)

Further, as noted above, U.S. courts have routinely granted applications under Section 1782 to obtain discovery of evidence for use in UK proceedings. *See, e.g., In re Dillon*, 2026 WL 1865896 at *3 (finding the third *Intel* factor weighed in favor of granting a Section 1782 application, reasoning that the "[a]pplicants' counsel has represented that [a]pplicants are not attempting to circumvent any foreign proof-gathering restrictions or other policies of the United Kingdom or the United States of America"); *Qualcomm*, 2024 WL 536355 at *3 (finding the third *Intel* factor weighed in favor of granting a Section 1782 application, reasoning that "[a]pplicant's counsel [] represented that they are not aware of any restrictions or policies imposed by the Tribunal that would prohibit the proof-gathering sought here"). There is no indication that any policy of the UK or the U.S. would weigh against the discovery sought by Guo.

Accordingly, the third *Intel* factor weighs in favor of granting Guo's

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

Application.

**4. The Fourth *Intel* Factor Is Satisfied: The Application Is Not Unduly Intrusive Or Burdensome**

The fourth *Intel* factor is satisfied if an applicant's discovery request is not "unduly intrusive or burdensome[.]" *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad 'fishing expedition' for irrelevant information." *Google LLC*, 690 F. Supp. 3d at 1023 (internal quotations omitted). And "[t]he proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure." *Ibid.* (internal quotations omitted). Thus, "discovery must be 'proportional to the needs of the case[.]'" *Ibid.* (quoting Fed. R. Civ. P. 26).

In weighing this factor, courts have noted that the subpoenaed party "will have the opportunity to object to the request or portions of it following service of the subpoena[.]" *In re Apple Retail UK Ltd.*, 2020 WL 3833392 at *4 (finding the fourth *Intel* factor weighed in favor of authorizing service of the subpoena); *see also In re Eurasian Nat. Res. Corp., Ltd.*, 2018 WL 1557167 at *4 (finding the fourth *Intel* factor weighed in favor of granting application, reasoning that even if the information sought is privileged, that fact does not weigh against granting the application "at this juncture" because allowing the service is "without prejudice to [the] right to move to quash the subpoena").

Here, Guo seeks to issue and serve a straightforward records subpoena and a deposition subpoena for information necessary to prove her UK defamation claim, including to determine: (1) how long the story remained visible to other users; (2) how many accounts viewed it and the identity and location of those accounts; (3) how many times it was liked, reposted, and/or shared; (4) the date and time it was published and the date, time, and mechanism by which it was removed; and (5) the number of followers of Day's account (@wallisday) and Guo's account (@guoforit)

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

on the day before and the day after the story was posted. (*Ex Parte* App., Exs. 1-2; Tweed Decl. ¶ 8.) This information is necessary to Guo's contemplated defamation claim against Day in the UK, including to demonstrate the extent of publication and that the Instagram Story Post caused serious harm to Guo's reputation. (Tweed Decl. ¶ 8.)

Moreover, the document requests are clearly defined and narrowly tailored to the single Instagram Story Post. (*Ex Parte* App., Exs. 1-2); *see Google LLC*, 690 F. Supp. 3d at 1023 (finding the fourth *Intel* factor weighed in favor of granting an application because the scope of proposed discovery was "sufficiently confined" to certain details "during a specific date range"). Indeed, each request merely seeks documents "sufficient to show" the information, rather than "all documents showing." *See In re Takagi*, No. 23-MC-80124-JSC, 2023 WL 4551074 at *4 (N.D. Cal. July 13, 2023) (finding the fourth *Intel* factor weighed in favor of granting an application, reasoning that the distinction between requesting "documents sufficient to show" rather than "all documents showing" "is important as the requests are therefore tailored such to not burden [the subpoenaed party] in participating in unnecessary discovery") (internal quotations omitted). And the deposition subpoena covers a single topic: authentication and explanation of the documents produced under the records subpoena. (*Ex Parte* App., Ex. 1.)

The requested information and documents are also clearly within Meta's possession and are therefore easy for Meta to identify and produce. *See Qualcomm*, 2024 WL 536355 at *3 (finding the fourth *Intel* factor weighed in favor of granting application, reasoning that "[a]pplicant argues that it seeks documents targeted to evidence directly relevant to the issues in the U.K." and "[a]pplicant highlights that it seeks categories of information that are clearly defined and that should be easily identified and produced with minimal burden").

Accordingly, the fourth *Intel* factor weighs in favor of granting Guo's Application.

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

## V. CONCLUSION

For the foregoing reasons, Guo respectfully requests that the Court grant her Application and issue an order authorizing the issuance and service of the subpoenas to Meta in the form attached to the Application as Exhibits 1 and 2.

DATED: November 3, 2026

Respectfully submitted,

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP

By: *s/Suann C. MacIsaac*
Suann MacIsaac
Attorneys for Applicant Lucy Guo

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850